## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARRY VYSKOCIL, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | **No. 11-1135-JWL** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security
(hereinafter Commissioner) denying supplemental security income (SSI) under sections
1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 1381a, and
1382c(a)(3)(A) (hereinafter the Act).  Finding error in the failure to explain the weight
given to the opinion of a state agency medical consultant, the court ORDERS that the
decision is REVERSED, and that judgment shall be entered pursuant to the fourth
sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.     Background**

Plaintiff applied for SSI on November 22, 2006, alleging disability beginning
February 25, 2002.  (R. 13, 139-42).  The application was denied initially and upon
reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge

(ALJ).  (R. 13, 65, 68, 88-89).  Plaintiff's request was granted, and Plaintiff appeared with

a non-attorney representative for a hearing before ALJ Edmund C. Werre on May 12,

2009.  (R. 13, 23-62).  At the hearing, testimony was taken from Plaintiff and from a

vocational expert.  Id.  On July 22, 2009, ALJ Werre issued a decision finding that

although Plaintiff has shown that he is unable to perform his past relevant work, when his

age, education, work experience and residual functional capacity (RFC) are considered,

there are jobs that exist in significant numbers in the economy that Plaintiff can perform,

represented by jobs such as recreation aide, storage facility rental assistant, photo hand

mounter, administrative support worker/addresser, and small parts loader.  (R. 13-21).

Based upon this finding, the ALJ concluded that Plaintiff is not disabled within the

meaning of the Act, and denied his application for benefits.  (R. 21).

Plaintiff requested Appeals Council review of the ALJ's decision and subsequently

secured representation by an attorney who filed a Representative Brief with the Council.

(R. 8, 9, 323).  The Appeals Council received the Representative Brief and made it a part

of the administrative record in this case.  (R. 5).  The Council considered the

Representative Brief, but nevertheless found that it does not provide a basis for changing

the ALJ's decision.  (R. 1-2).  It found no reason under Social Security Administration

(SSA) rules to review the decision, and denied Plaintiff's request.  (R. 1).  Therefore, the

ALJ's decision is the final decision of the Commissioner.  (R. 1); Blea v. Barnhart, 466

F.3d  903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review.  (Doc. 1).

**II.**     **Legal Standard**

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)).  Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

3

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner uses a five-step sequential process to evaluate disability.  20  C.F.R. § 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses

claimant's residual functional capacity (RFC).  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.  The Commissioner next evaluates steps four and five of the sequential process--determining whether claimant can perform his past relevant work; and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in his RFC assessment by failing to cite any medical opinion in support; by failing to include limitations assessed by Dr. Emil Goering, a state agency medical consultant; and by failing to provide a narrative discussion connecting the RFC limitations assessed with the record medical evidence.  (Pl. Br. 4-7).  In the section of his brief addressing the ALJ's RFC assessment, Plaintiff also argues the decision is not supported by substantial evidence because the ALJ assessed an RFC for sedentary work, but found that Plaintiff could perform two representative jobs in the light occupational base, and for which there was no vocational testimony that the jobs could be performed with the sedentary RFC assessed.  (Pl. Br. 7).  Plaintiff also claims that the ALJ

misconstrued the medical evidence regarding his spinal conditions, and that the ALJ's credibility determination is not supported by substantial record evidence.  (Pl. Br. 8-14).

The Commissioner argues that the ALJ properly evaluated the medical evidence regarding Plaintiff's spinal conditions and properly evaluated the credibility of Plaintiff's allegations of symptoms.  (Comm'r Br. 5-13).  With regard to the RFC assessment, the Commissioner argues that an ALJ is not required to rely on a single medical source's opinion or choose between the medical opinions, but must assess RFC based on all of the record evidence.  Id. at 14-15.  He argues that the ALJ did not merely summarize the evidence, but provided a proper narrative discussion sufficiently detailed to explain the basis for his RFC assessment.  Id.  Finally, he argues that the ALJ did not adopt the limitations assessed by Dr. Goering because the record does not support those limitations. Id. at 16-18.

In his Response Brief, Plaintiff explained that the point of his earlier argument is that the ALJ did not state his reasons for rejecting Dr. Goering's limitations, and he reiterated his earlier argument that the ALJ ignored or failed to mention many of those relevant regulatory factors which tend to support the credibility of his allegations.  (Reply 1-2).  Finally, he acknowledged that his argument that the ALJ misconstrued the evidence was not adequately explained, but argues nonetheless that "the ALJ's view of the objective medical evidence, . . . is yet another reason why the ALJ's credibility determination is not supported by substantial evidence."  (Reply 3-4).

The court has reviewed the decision and the record evidence, and finds that the ALJ failed to explain in the decision the weight accorded to Dr. Goering's opinion as required by 20 C.F.R. § 416.927(f)(2)(ii) and Soc. Sec. Ruling (SSR) 96-6p.  This is error.  Moreover, if Dr. Goering's limitation to occasional fingering (fine manipulation) were accepted, the only representative sedentary job which would remain available to an individual such as Plaintiff would be that of a "hand mounter, photofinisher," of which only 50 positions are available in western Kansas, 450 positions are available in Kansas, and 55,000 jobs in the national economy.  (R. 57, 1006).

The ALJ did not make a determination whether this number of jobs by itself constitutes a significant number of jobs in the regional and national economy.  See, e.g., Trimiar v. Sullivan, 966 F.2d 1326, 1330-32 (10th Cir. 1992) (refusing to draw a bright line establishing a "significant number" of jobs, but affirming the ALJ's factual finding that 650 to 900 jobs in the state of Oklahoma is a significant number); see also, Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004) (refusing to decide in the first instance whether 100 jobs in the state of Oklahoma is a significant number); but see, Raymond v. Astrue, 621 F.3d 1269, 1274 (10th Cir. 2009) (finding it undisputed that 1.34 million rental clerk jobs in the national economy is a significant number, regardless of the fact that only 385 such jobs exist in the state of New Mexico); and Chavez v. Barnhart, 126 Fed. App'x 434, 436-37 (10th Cir. 2005) (remanding for a determination whether 49,957 jobs nationally but only 199 in the region is a significant number).  Therefore, remand is necessary for the ALJ to explain the weight accorded to Dr. Goering's opinion, and if he

7

accepts the limitation to occasional fingering, to determine whether there are a significant number of jobs available in the economy to a person with such a limitation.

Because remand is necessary in this case, the court need not, and will not, consider whether the ALJ committed additional errors as alleged in Plaintiff's brief.  Plaintiff may make such arguments as are necessary to the Commissioner on remand.

## III.   Evaluation of the Opinion of the State Agency Medical Consultant, Dr. Goering

Plaintiff points out that there is only one medical opinion in the record relating to Plaintiff's RFC limitations, and that opinion is the RFC assessment of the state agency medical consultant, Dr. Goering.  (Pl. Br. 5) (citing (R. 1003-1010)).  He notes that Dr. Goering opined that Plaintiff is limited to only occasional fine manipulation, but that the ALJ did not include manipulative limitations in his RFC assessment or in any hypothetical question asked of the vocational expert.  Id. at 5-6 (citing (R. 1006);[1] and (R. 56-58)).  He points out the vocational expert's testimony that when considering the sedentary work she had testified about, only the photo hand mounter position fit within the limitation to occasional fingering.  Id. at 6 (citing (R. 59)).  He also cites SSR 96-9p and 82-15 for the proposition that most unskilled sedentary work requires bilateral manual dexterity and fingering.  (Pl. Br. 6-7).  In his Response Brief, the Commissioner

_____

[1] The form Dr. Goering used to assess RFC equates "fingering" and "fine manipulation" (R. 1006), Plaintiff states that he equates the terms (Pl. Br. 6, n.2) (citing SSR 96-9p), and the Commissioner does not argue that there is any significant difference between the terms.  In his form, Dr. Goering stated, "fine manipulation is limted [sic] to occasionally."  (R. 1006).

points out that the ALJ's RFC differed from Dr. Goering's RFC in more than just

manipulative limitations, but that the record does not support Dr. Goering's opinions, and

that it was, therefore, proper for the ALJ to exclude the manipulative limitations from the

RFC assessed.  (Comm'r Br. 16-18).

As Plaintiff implies, and the Commissioner does not contest, all evidence from

nonexamining sources such as state agency physicians is considered expert medical

opinion evidence.  20 C.F.R. § 416.927(f).  ALJ's are not bound by such opinions but

must consider them, except for opinions regarding the ultimate issue of disability.  Id.,

§ 416.927(f)(2)(i).  Such opinions must be evaluated using the regulatory factors

enumerated in 20 C.F.R. § 416.927(d), and the ALJ must explain in the decision the

weight given those opinions.  Id., § 416.927(f)(2)(ii & iii).  The Commissioner

promulgated SSR 96-6p "[t]o clarify Social Security Administration policy regarding the

consideration of findings of fact by State agency medical . . . consultants . . . by

adjudicators at the administrative law judge and Appeals Council levels."  SSR 96-6p,

West's Soc. Sec. Reporting Serv., Rulings 129 (Supp. 2011).  In SSR 96-6p, the

Commissioner required that findings of facts by state agency medical consultants

"regarding the nature and severity of an individual's impairment(s) must be treated as

expert opinion evidence of nonexamining sources" by ALJs, and the ALJs "may not

ignore these opinions and must explain the weight given to these opinions in their

decisions."  Id.  Social Security Rulings are binding on an ALJ.  20 C.F.R. §

402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993).

Here, the ALJ stated he had "considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p" (R. 17) and that he had made "a thorough review of the evidence of record including . . . medical opinions." (R. 20). However, there is simply no mention of Dr. Goering, of his opinion, or of the weight accorded that opinion in the ALJ's decision. This is error in violation of 20 C.F.R. § 416.927(f)(2), and in violation of SSR 96-6p.

The Commissioner notes that the RFC assessed by the ALJ differed from Dr. Goering's RFC in more than just manipulative limitations. (Comm'r Br. 16). He notes that the ALJ found Plaintiff limited to sedentary work, but Dr. Goering found he could perform light work; that the ALJ found a need for hourly position changes whereas Dr. Goering found no need for position changes; that the ALJ found Plaintiff could not climb ladders, ropes, or scaffolds whereas Dr. Goering found he could occasionally do so; and that although Dr. Goering found Plaintiff could only occasionally perform fingering, the ALJ did not adopt this restriction "based upon his evaluation of the record as a whole." (Comm'r Br. 16-17). This argument presents two implications which the court will address.

First, the Commissioner's argument implies that the ALJ considered Dr. Goering's opinion and rejected it based upon the ALJ's evaluation of the record as a whole. While this may be what happened here, as discussed above the decision provides no indication

10

that is the case.  An ALJ's decision should be evaluated based solely on the reasons stated in the decision.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action.  Knipe, 755 F.2d at 149 n.16.  A reviewing court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

Second, the Commissioner's argument implies that the RFC assessed by the ALJ is more limiting than that assessed by Dr. Goering, and that, therefore, Plaintiff can show no prejudice from the ALJ's failure to explicitly address Dr. Goering's opinion.  With respect to the ALJ's findings that Plaintiff is limited to sedentary work, that he must have hourly position changes, and that he cannot climb ladders, ropes, or scaffolds, the Commissioner's implication is true--the RFC assessed by the ALJ is more limiting than that assessed by Dr. Goering, and Plaintiff can show no prejudice from the ALJ's failure to discuss those limitations.  However, that is not the case with respect to Dr. Goering's limitation to only occasional fingering.

As Plaintiff points out, "most unskilled sedentary jobs require good use of both hands and the fingers;" "any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base;" and "[Fingering] is needed to perform most unskilled sedentary jobs."  (Pl. Br. 6) (quoting SSR 96-9p and SSR 85-15).  Moreover,

11

Plaintiff also points out that the representative sedentary jobs suggested by the vocational expert would be reduced from three to one if Dr. Goering's fingering limitation is accepted.  This is a significant reduction in the work available, and the ALJ's error in failing to discuss Dr. Goering's opinion was prejudicial to Plaintiff.  Further, as the court discussed above, the ALJ has not addressed whether work as a "hand mounter, photofinisher," with 50 positions in western Kansas, 450 positions in Kansas, and 55,000 positions in the national economy would constitute a significant number of jobs in this case.  Remand is necessary for the ALJ to explain the weight accorded to Dr. Goering's opinion, and if the ALJ accepts the limitation to occasional fingering, he must also determine whether there are a significant number of jobs available in the economy to a person with such a limitation.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 22nd day of June 2012, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**